STATE EX REL. MATHIS BROS. CO. v. CINCINNATI (BD. OF ED.).

1. AWARD OF PUBLIC CONTRACT MADE UPON OTHER CONDITIONS THAN THOSE IN ORIGINAL SPECIFICATIONS AND ADVERTISEMENT WILL BE ENJOINED.

The award of a contract by a board of education for the installation of certain devices in a public building upon a bid based upon terms not contained in the original specifications as advertised, and which was received subsequent to the time designated in the advertisement for the submission of such bids, is illegal and void, and will upon application in the proper court be enjoined.

2. MANDAMUS WILL NOT LIE TO COMPEL AWARD OF CONTRACT TO LOWEST LEGAL BIDDER WHERE ATTEMPT WAS MADE LATER TO AWARD ON ILLEGAL BID.

The award of a contract for public work by a board of education to the lowest responsible party submitting a bid at the time specified in the advertisement therefor cannot be compelled by mandamus, where it appears that the board, without expressly rejecting the bids made at that time, attempted to award the contract on an unauthorized and illegal bid made at a later date.

**J. H. Cabell,** for plaintiff.

**A. H. Morrill,** assistant city solicitor, for defendant:

The relator here is relying on irregularity of another's bid, and it is well settled that no writ of mandamus will issue when the relator bases his claim on such grounds. Spelling, Extra. Rel. Sec. 1553; *State* v. *Board of Education*, 42 Ohio St. 374; *State* v. *Commissioners of Printing*, 18 Ohio St. 386.

The relator must show a positive, clear right in himself to have the contract awarded to him. If he does not show this the writ must be refused. Spelling, Extra. Rel. Sec. 1370 and note 1; *American Clock*

State v. Board of Ed.

*Co.* v. *Licking Co.* (*Comrs.*) 31 Ohio St. 415; *Commonwealth* v. *Mitchell,* 82 Pa. St. 343.

If a public contract is awarded, and the contractor to whom the award is made fails to accept, mandamus will not lie on the relation of the next lowest bidder to compel the award to such bidder. *State* v. *Shelby Co.* (*Comrs.*) 36 Ohio St. 326.

The contract which the relator here seeks to have awarded to himself is made under authority of a law passed by the general assembly of Ohio, found in 97 O. L. 357. Under the section governing the letting of contracts by any school board, the board can award any contract to the "lowest responsible bidder." This power given to the board allows a discretion which can not be controlled by mandamus. *Kelly* v. *Chicago,* 62 Ill. 279; *Commonwealth* v. *Mitchell,* 82 Pa. St. 343; *East River Gas-Light Co.* v. *Donnelly,* 93 N. Y. 557; *Madison* v. *Baltimore* (*Harbor Board*), 76 Md. 395 [25 Atl. Rep. 337].

The discretion vested in the board by the section of the act above referred to can not be controlled by the court. *State* v. *Shelby Co.* (*Comrs.*) 36 Ohio St. 326; *Noble Co.* (*Comrs.*) v. *Hunt,* 33 Ohio St. 169; *State* v. *Moore,* 42 Ohio St. 103; Mechem, Pub. Off. Sec. 945; *State* v. *McGrath,* 91 Mo. 386 [3 S. W. Rep. 846]; *Hoole* v. *Kinkead,* 16 Nev. 217; *People* v. *Contracting Board,* 27 N. Y. 378; *Conner* v. *Board,* 7 Phila. 629.

A writ of mandamus will be refused if the granting of such writ would operate against the public welfare. Spelling, Extra. Rel. Sec. 1372.

Or, if the issuance of the writ would compel an officer to act contrary to law. Mechem, Pub. Off. Sec. 942; *People* v. *Hyde Park* (*Vil.*), 117 Ill. 462 [6 N. E. Rep. 33]; *People* v. *Fowler,* 55 N. Y. 252; *Kemerer* v. *State,* 7 Neb. 130.

GIFFEN, J.

The relator avers in its petition that the board of education of the city of Cincinnati determined to erect a school building in Clifton, and caused it to be duly advertised that sealed proposals would be received at the office of said board until 12 o'clock noon, January 23, 1905, for material and labor necessary for the completion of said school building. That upon said day it filed with the clerk a bid for the installation of a heating and ventilating plant in said building for the sum of $24,200. That the specifications required bidders upon heating and ventilating to submit with their bids a proposition for smoke con-

suming device, automatic stokers, down draft furnaces, etc., to be considered. That accordingly, the relator specified in its bid for the furnishing of Detroit or Murphy Automatic Stokers or Hawley Down-draft Furnaces, for $1,500, to be added to said bid of $24,200, making its entire bid, with either of the above smoke consuming devices, $25,700. That said bid was in all other respects as required by law, and was the lowest responsible bid.

The relator further alleges that among other bids submitted in response to said advertisements was that of one Henry Niemes, which contained the following provision: ''If the Hawley furnaces are installed in connection with the above work, I will furnish and install the same for the additional sum of $1,359;'' but contained no provision to furnish Detroit Automatic Stokers. That on January 27, 1905, at a meeting of the building committee of said board, on advice of the mechanical engineer of said board, it determined upon the use of the Detroit Automatic Stoker; that the committee wrongfully ignored and refused to consider relator's bid for the heating and ventilating system to be used including the furnishing of said Detroit Automatic Stokers, and requested said Henry Niemes to furnish a new bid based on the substitution of Detroit Automatic Stoker in place of the Hawley Down-draft or ordinary grates, as contemplated in his original bid. Said request was without notice to relator or the other parties who had submitted bids, and was without advertisement as provided by law. That thereupon said Henry Niemes submitted a new bid to include the Detroit Automatic Stoker for the sum of $24,462; that thereupon the committee agreed to recommend to the board the letting of the contract for heating and ventilating to Henry Niemes upon his new bid of $24,462.

The relator claims to have been wrongfully refused said contract and asks that the board of education be compelled by a writ of mandamus to accept its said bid. To this petition the board of education files a general demurrer.

It appears from the petition that the building committee wrongfully ignored and refused to consider relator's bid, and inferentially it ignored and refused to consider each and every other bid received by it on or before January 23, 1905, but proceeded to award the contract upon a bid based upon conditions not contained in the original specifications and received at a time subsequent to that designated in the advertisement. It is clear that the attempt to award the contract in this manner is wholly unauthorized, illegal and void, which upon proper application to a court of competent jurisdiction should be enjoined.

It is claimed, however, by the relator, that the board of education

State v. Board of Ed.

having exercised its discretion to award the contract, may now be compelled to award the contract to the relator as the lowest responsible bidder. The board has not considered any of the bids received on or before January 23, 1905, and it is still open to the board to award the contract to the lowest responsible bidder, unless it be deemed to have rejected all the bids invited and received in pursuance of the advertisement by awarding a contract upon an independent bid received January 27, 1905.

It is perhaps unnecessary now to decide whether the action of the board amounted to a rejection of all the bids, because in either event the relator would not be entitled to a peremptory writ of mandamus. Counsel rely upon the case of *Boren* v. *Darke Co.* (*Comrs.*) 21 Ohio St. 311, but in that case the commissioners attempted to award the contract upon one of the original bids received in pursuance of the advertisement but not to the lowest bidder, and the court, therefore, held that the commissioners could be compelled to award the contract to the lowest bidder. Revised Statutes 3988 (Lan. 6468), 97 O. L. 357, provides:

"None but the lowest responsible bid shall be accepted; but the board may, in its discretion, reject all the bids, or accept any bid for both labor and material which is the lowest in the aggregate for such improvement or repair."

Clearly the discretion to reject all the bids refers to such bids as are received in pursuance of the advertisement and can not relate to an independent and wholly unauthorized bid received after the date fixed in the advertisement.

The relator has shown no right to a writ of mandamus and demurrer to the petition will be sustained.

**Jelke** and **Swing, JJ.,** concur.